In the Matter of the Arbitration of Certain Differences between JOSEPH BERNSTEIN and HARRY ABRAMS.

Supreme Court, Special Term, Kings County, April 21, 1941.

*Bernard Pizzitola*, for the petitioner.

*Raphael H. Weissman*, for the respondent.

SMITH, J. This is an application to compel the respondent Bernstein to proceed to arbitration pursuant to the terms of a written partnership agreement dated August 28, 1933, which petitioner claims remains " in full force and effect." The petition alleges the making of the contract, the performance of all its terms by petitioner and the failure to perform on the part of the respondent; that certain differences have arisen between petitioner and respondent, and that said agreement provides for the arbitration of any dispute which might arise between the partners; that a demand has been made upon the respondent to arbitrate the differences which have arisen and that respondent has refused to arbitrate such differences in accordance with the terms of the alleged agreement.

The answer denies that the alleged partnership agreement is " now in full force and effect " and alleges that it has been canceled and abandoned by mutual agreement and conduct of the parties.

The respondent sets forth substantially the following evidentiary facts: Between August, 1933, and August, 1936, petitioner and respondent conducted the business as partners under the firm name of Bernstein & Abrams. In August, 1936, the petitioner and respondent, by mutual agreement, caused to be organized a corporation named B. & A. Express Co., Inc., and transferred all of the assets and good will of the partnership of Bernstein & Abrams to said corporation in exchange for its capital stock which was equally divided between the former partners. On October 2, 1940, the corporation was dissolved. As the sole stockholders, petitioner

and respondent took over all the assets and good will of the dissolved corporation and by mutual agreement have since operated the business under a new partnership, under the new name of B. & A. Express Co. and caused to be filed the requisite business certificate in the office of the county clerk of Kings county.

The petitioner makes a general denial of the respondent's allegations, but sets forth no evidentiary facts to sustain his contention that the partnership agreement is still in full force and effect, asserting that he may reserve his right to do so on the trial of said issue.

The procedural question is, therefore, raised whether the applicant is entitled as a matter of law to a jury trial when the issue of the existence of a contract to arbitrate is raised merely by a conclusory allegation which is not substantiated by supporting facts, as contrasted with the evidentiary matter set forth by the respondent. The petitioner contends that the issue of enforcibility is sufficiently raised by the naked denial of the respondent's statement and proof of evidentiary facts.

The specific question herein involved is a novel one. However, it seems to me that an examination of the applicable statute (Civ. Prac. Act, § 1450, as amd.) would require the presentation of *evidentiary facts* on the part of the petitioner as well as on the part of the respondent in order to raise a *substantial* triable issue. Such facts may aid the court in determining whether or not a *bona fide* dispute exists, in which event the issue may then be tried before the court or, in a proper case, before the court and a jury.

For the foregoing reasons, the application is denied, without prejudice, however, to the right of petitioner to renew upon presentation of evidentiary facts sufficient to determine at least that a *bona fide* dispute exists.

Settle order on notice.