In the Matter of RIVER BRAND RICE MILLS, INC., Respondent, against LATROBE BREWING COMPANY, Appellant.

Argued November 25, 1952; decided January 15, 1953.

*Maurice Smith* for appellant. I. The Appellate Division erred in holding that the five-day limitation on arbitration was intended to make arbitration the sole remedy. The nonfulfillment of the condition that arbitration must be demanded "within five days after tender" does not deprive appellant of the right to sue at law. (*Crocker* v. *Ireland,* 235 App. Div. 760; *Parker* v. *Krauss Co.,* 157 Misc. 667, 249 App. Div. 718; *Meacham* v. *Jamestown, F. & C. R. R. Co.,* 211 N. Y. 346; *Kent* v. *Universal Film Mfg. Co.,* 200 App. Div. 539; *Matter of Marchant* v.

*Mead-Morrison Mfg. Co.*, 252 N. Y. 284; *Matter of Zimmerman v. Cohen*, 236 N. Y. 15; *De Gorter v. Banque de France*, 176 Misc. 1062, 262 App. Div. 997; *American Reserve Ins. Co. v. China Ins. Co.*, 297 N. Y. 322; *Matter of Broadway-40th St. Corp. [Manhattan Co.]*, 271 App. Div. 219, 296 N. Y. 165; *Matter of Raphael [Silberberg]*, 274 App. Div. 625.) II. The stay of arbitration granted at respondent's request under section 1450 of the Civil Practice Act established that there was no issue referable to arbitration requiring a stay under section 1451 of the Civil Practice Act. (*Matter of Kahn [Nat. City Bank]*, 284 N. Y. 515; *Raven Elec. Co. v. Linzer*, 302 N. Y. 188; *American Reserve Ins. Co. v. China Ins. Co.*, 297 N. Y. 322.) The order staying arbitration on the ground it was barred by the five-day clause is not *res judicata* on the issue whether arbitration is the sole remedy under the contract.

*Milton Pollack* and *Irving K. Rubin* for respondent. I. The issue raised in the City Court action is referable to arbitration and accordingly the action must be stayed under section 1451 of the Civil Practice Act. (*Syracuse Plaster Co. v. Agostini Bros. Bldg. Corp.*, 169 Misc. 564; *Matter of Young v. Crescent Development Co.*, 240 N. Y. 244.) II. Arbitration is the sole remedy under an arbitration agreement. If such remedy becomes barred by limitations of time, resort may not be had to an action at law. (*Matter of Fletcher*, 237 N. Y. 440; *Matter of Webster v. Van Allen*, 217 App. Div. 219; *Meacham v. Jamestown, F. & C. R. R. Co.*, 211 N. Y. 346; *Matter of Gantt [Hurtado & Cia]*, 297 N. Y. 433; *Matter of Kramer & Uchitelle [Eddington Fabrics Corp.]*, 288 N. Y. 467; *Matter of Berkovitz v. Arbib & Houlberg*, 230 N. Y. 261; *Matter of Zimmerman v. Cohen*, 236 N. Y. 15; *Matter of Feuer Transp. [Local No. 445]*, 295 N. Y. 87; *American Reserve Ins. Co. v. China Ins. Co.*, 297 N. Y. 322; *Matter of Raphael [Silberberg]*, 274 App. Div. 625; *Matter of Broadway-40th St. Corp. [Manhattan Co.]*, 271 App. Div. 219, 296 N. Y. 165; *Matter of Ketchum & Co.*, 70 N. Y. S. 2d 476.) III. The prior order of the court staying arbitration is *res judicata* of the issue in the instant proceeding. (*Crouse v. McVickar*, 207 N. Y. 213; *Meyerhoffer v. Baker*, 121 App. Div. 797; *Gilbert v. Burnstine*, 255 N. Y. 348; *Clark v. American Morgan Co.*, 268 App. Div. 209, 293 N. Y. 933.)

CONWAY, J. On August 8, 1949, River Brand Rice Mills, Inc., hereinafter referred to as the seller, sold to Latrobe Brewing Company, hereinafter referred to as the purchaser, seven carloads of brewer's rice. One of the later carloads, consisting of 1,000 bags, was shipped in June of 1950, was received by the purchaser and stored in a refrigerated place. While so stored Federal inspectors found a considerable number of the bags to be contaminated and government proceedings in a United States District Court in Pennsylvania led to a final order, on August 29, 1950, declaring those bags to be adulterated. They were then destroyed by a United States marshal.

The purchaser demanded reimbursement from the seller but the demand was refused. Thereafter, in July, 1951, more than a year subsequent to the receipt of the rice and more than ten months after entry of the order directing its destruction by the marshal, the purchaser served a formal demand on the seller for arbitration before the American Arbitration Association of New York.

The agreement of sale was on the seller's printed form and contained the following clause relating to arbitration: "Any controversy or claim arising out of or relating to this contract or the breach thereof, shall be settled by arbitration in New York, in accordance with the Rules, then obtaining, of the American Arbitration Association, and judgment upon the award rendered may be entered in the highest court of the forum, state or federal, having jurisdiction. Any demand for arbitration must be made within five days after tender."

Subsequent to the service of the demand, the seller made application to the Supreme Court, under section 1450 of the Civil Practice Act, for an order restraining the purchaser from pursuing an arbitration proceeding because of the failure to make demand within the period prescribed by the clause quoted above. Special Term granted the stay stating: "Whatever meaning may reasonably be attributed to the word ' tender,' it is clear that the demand for arbitration was not made within five days after such ' tender.' " An order was entered thereon in September of 1951, permanently enjoining the purchaser. No appeal was taken from that order.

Two months later the purchaser commenced an action in the City Court against the seller to recover the purchase price and damages suffered by reason of the defective quality of the rice. Before answer the seller applied, this time under section 1451 of the Civil Practice Act, to the Supreme Court, for a stay of the City Court action upon the following grounds: (1) that the purchaser's sole remedy was arbitration; (2) that such sole remedy had become barred by limitations of time, and (3) that the order of Special Term in the initial proceeding was *res judicata* of the issues involved.

Section 1451 of the Civil Practice Act reads as follows: "*Stay of proceedings brought in violation of an arbitration contract or submission.* If any action or proceeding be brought upon any issue otherwise referable to arbitration under a contract or submission described in section fourteen hundred forty-eight, the supreme court, or a judge thereof, upon being satisfied that the issue involved in such action, or proceeding is referable to arbitration under a contract or submission described in section fourteen hundred forty-eight, shall stay all proceedings in the action or proceeding until such arbitration has been had in accordance with the terms of the contract or submission."

Special Term denied the stay upon the ground that although the action was brought upon a claim which the parties had agreed to arbitrate, when arbitration was stayed pursuant to section 1450, the issue ceased to be one referable to arbitration; that the seller's application for a stay under section 1450 constituted an election to waive arbitration and, therefore, section 1451 was inapplicable. In effect, Special Term held that when demand for arbitration was made belatedly the seller could either permit arbitration to proceed despite the untimeliness of the demand or, if it elected to take advantage of such untimeliness by staying arbitration then the seller would be compelled to submit to such court action as might follow.

The Appellate Division, by a closely divided court, reversed Special Term and granted the stay.

It was the contention of the purchaser below that the arbitration clause did not make arbitration the sole remedy of the parties. When, however, we read the clause as quoted (*supra*), and find that it refers to " Any controversy or claim ", it is clear that the language is all inclusive and that the parties

intended that *all* controversies, including the present one, should be settled by arbitration. As we said in *Matter of Marchant v. Mead-Morrison Mfg. Co.* (252 N. Y. 284, 298): " Parties to a contract may agree, if they will, that any and all controversies growing out of it in any way shall be submitted to arbitration. If they do, the courts of New York will give effect to their intention."

It is true that in this controversy arbitration is no longer available because of the existing permanent injunction. However, that would not affect the binding force of the agreement. It may be that, upon a proper showing, the portion of the agreement containing the time limitation: " Any demand for arbitration must be made within five days after tender ", would be held to be so ambiguous or so unreasonably harsh, when applied to facts such as those presented here as to be unenforcible. That, however, was a matter to be determined when the seller sought originally to stay arbitration. The determination by Special Term at that time was evidently accepted by both parties since neither appealed therefrom. Special Term at that time had the matter of ambiguity in mind for it said, as already noted, " Whatever meaning may reasonably be attributed to the word ' tender,' it is clear that the demand for arbitration was not made within five days after such ' tender.' " The purchaser may not now be heard to say that the word " tender " has a meaning which is not applicable to the facts as they were then presented to Special Term. To permit an action at law after the parties have agreed to submit any dispute arising under a sales contract would be to set at naught the underlying policy which has shaped the growth of arbitration law in this State. We traced the history of that growth in *Matter of Feuer Transp. (Local No. 445)* (295 N. Y. 87, 91, MEDALIE, J.) and pointed out that a quarter of a century of the operation of the arbitration law had demonstrated its usefulness and general acceptability. Were one of the parties to an arbitration agreement, containing a time limitation, permitted to allow such limitation to expire and then sue at law on the claim which it had agreed to arbitrate, the result would be a return to the situation obtaining when agreements to arbitrate were revocable at the will of a party thereto.

The case of *Matter of Zimmerman* v. *Cohen* (236 N. Y. 15), upon which reliance is placed by the purchaser in seeking to justify the bringing of its law action, is readily distinguishable. There we made clear that an agreement to arbitrate in accordance with the arbitration law is subject to the same general rules applicable to all contracts (pp. 18, 19). It may be waived or abandoned by the agreement or conduct of the parties to it. In the *Zimmerman* case (*supra*) the defendant could have applied to the court to enforce arbitration and stay all proceedings in the action. Instead of so doing the defendant answered, pleaded a separate and distinct defense and then, going still further, set up a counterclaim and sought relief from the court by demanding judgment thereon for a very substantial sum. In the City Court action here there was no abandonment or waiver of arbitration. The seller's original application for a stay pursuant to section 1450 of the Civil Practice Act was based on the express terms of the arbitration agreement. The seller sought enforcement of the agreement. One may not say that insistence upon fulfillment of an agreement is an abandonment or waiver of it and yet that is the result which a contrary holding would reach.

Finally, the purchaser urges that section 1451 of the Civil Practice Act, quoted (*supra*), " envisages a subsisting agreement or submission under which an arbitration can be had " and, since that is no longer the case here, section 1451 is inapplicable. True, arbitration under the agreement may not now be had but the very issue presented in the City Court action was once referable to arbitration and now is no longer so referable only because the parties wrote their own time limitation beyond which no step toward such relief could be taken. That was within the contract power of the parties.

In the course of our decisions indicating the purpose and intent of the Legislature in amending the arbitration law from time to time, we have stressed the legislative purpose to strengthen that law by holding the parties to the terms of their agreement providing for arbitration of their disputes and to provide an exclusive remedy to prevent departure by either party from such agreement. We had occasion to do this recently in *American Reserve Ins. Co.* v. *China Ins. Co.* (297 N. Y. 322,

326–327) where we pointed out that the stay provided for in section 1451 of the Civil Practice Act was the exclusive remedy for a person against whom an action had been brought in violation of an agreement to arbitrate saying: " The Legislature has provided a means of enforcing that which was previously unenforcible; the defendant in such an action must use those means or none at all. This court has indicated — and lower courts have held — that it is not even proper for the defendan ; in such an action to plead the arbitration agreement as a defense or counterclaim [cases cited]." No different result should obtain in a case where an issue once referable is no longer arbitrable because one of the parties to the agreement failed to avail itself of its right to arbitrate by neglecting to make timely demand therefor.

No doubt section 1451 indicates a general legislative intent to provide for a situation where an action is first brought in an attempt to avoid arbitration since it declares that the action shall be stayed " until such arbitration has been had in accordance with the terms of the contract or submission." Nevertheless, it seems to us that section 1451 should not be construed so narrowly as to deny its application in a situation where one of the parties to the arbitration agreement has merely reversed the *order* of procedure ordinarily anticipated and thus forbidden and first seeks arbitration too late and *then* brings the action at law. The whole spirit and purpose of article 84 of the Civil Practice Act entitled " Arbitration " is to hold the parties to their agreement and to provide the exclusive remedy for its attempted breach. The intent of the Legislature in enacting legislation is the primary object to be found. Whenever such intention is apparent it must be followed in construing the statute. As the rule is summarized in section 111 (McKinney's Cons. Laws of N. Y., Book 1, Statutes [1942 ed.]), from the cases cited therein, " * * * a thing which is within the letter of the statute is not within the statute unless it be within the intention of the lawmakers, but a case within the intention of a statute is within the statute, though an exact literal construction would exclude it. It is a familiar legal maxim that ' he who considers merely the letter of an instrument goes but skin deep into its meaning,' and all statutes are to be construed

according to their meaning, not according to the letter.'' The construction we give section 1451 gives effect to the legislative intent.

The order of the Appellate Division should be affirmed, with costs.

LOUGHRAN, Ch. J., LEWIS, DESMOND, DYE, FULD and FROESSEL, JJ., concur.

Order affirmed.