Wíllíam B. Gíioat, ;L
This is á motion to stay an action allegedly commenced notwithstanding an arbitration clause in ah agreement between the parties and to compel the parties to proceed to arbitration in accordance with the afóre-mentioned agfeément.
One of the parties to á partnership agreement entered into oh of about March Í0, 1961, commenced an action against the-two other partiés to the agreement seeking to dissolve the partnership and to have an accounting concerning the partnership ’s ássets. The complaint in that action alleges in pertinent part that, although the writtén partnership agreement provided in section 3 therein that ‘ ‘ The death or retirement of any partner shall not dissolve the partnership as to the other partners ”, there was a later agfeément bn or about Juné 18, 1961, between the parties which stated that if the plaintiff elected to withdraw from the partnérship, the partnership cduld cbiitinue pursuant to the afore-irientidned section 3 provided that the plaintiff would be repaid his capital contribution to the copartnership and a further sum of $200 for each and every month during which he Contributed his actual work to the copartnership and that such payment was to be madé immediately oh notification to the défehdants by the plaintiff that he elects to withdraw. This later agreement also waived the 60-dhy written, notice re'quireiheht of the partnérship agreement of March 10,- 1961. Thereafter the' plaid-tiff gave notice to the other partners "of his desire to withdraw fiom the partnership and the defendants have refused to pay the moneys pursuant to their agreement- of June 18, 1961. The remaining partners, who were defendants in *756 the above-mentioned action, in their affidavit in support of the instant application, by implication deny that there was an agreement between the parties on or about June 18, 1961, and allege that in or about June, 1961 the plaintiff indicated a desire to withdraw from the partnership and that thereafter he notified the defendants in writing that he desired to withdraw from the partnership and that the parties could not agree upon the financial arrangements incident to the plaintiff’s withdrawal under the terms of the written partnership agreement of March 10,1961.
The written partnership agreement of March 10, 1961, provides in pertinent part in section 18 that: ‘1 All and any disputes and questions whatsoever which shall arise, either during’ the partnership or afterwards, between the partners or their respective representatives, or between any of the partners and the representatives of any other partner, touching [sic] these presents, or the construction or application thereof, or on any account, valuation, or division of assets, debits, or liabilities to be made hereunder, or any act or omissions of any partner, or any other matter, in any way relating to the partnership business or the affairs of the partnership, or the rights, duties, and liabilities of any person hereunder, shall be referred to a single arbitrator on whom the parties agree upon, otherwise to a board of three arbitrators, of whom one shall be selected by each party to the difference, and a third person shall be selected by the aforementioned two; and the decision and award of such a single arbitrator, or of any two of such board, as the case may 'be, shall be final and binding upon the said parties and their respective representatives. ’ ’
It is apparent from the record herein that there is a dispute between the parties concerning the withdrawal of one of the partners and the financial arrangement to be made in connection with such withdrawal. This dispute obviously comes within the ambit of the arbitration clause of the partnership agreement which, to re-emphasize, provides 11 All and any disputes and questions whatsoever which shall arise * * * or any other matter in any way relating to the partnership business * * * or the rights, duties, and liabilities of any person hereunder, shall be referred to a single arbitrator (See Matter of River Brand Rice Mills v. Latrobe Brewing Co., 305 N. Y. 36; Matter of Wenger & Co. v. Propper Silk Hosiery Mills, 239 N. Y. 199; Matter of Potter Co. [Miles Metal Corp.], 2 Misc 2d 515, affd. 2 A D 2d 816; Klein Coat Corp. v. Peretz, 4 Misc 2d 341.) Inasmuch as one of the partners brought an action notwithstanding the arbitration clause in the written *757 partnership agreement, such conduct is in effect a refusal to arbitrate. (See Klein Coat Corp. v. Peretz, supra.) Although the defendants in the action involved herein have answered the complaint, they have not waived their right to compel arbitration. (Chernick v. Hartford Acc. & Ind. Co., 8 A D 2d 264; Boening v. R. Hoe & Co., 156 N. Y. S. 2d 13.)
Accordingly, the motion is granted and the parties are directed to proceed to arbitration in accordance with the terms of their agreement and the above-mentioned action is stayed pending such arbitration. (See, generally, American Reserve Ins. Co. v. China Ins. Co., 297 N. Y. 322.)