Henry J. Latham, J.
This is a motion to compel the respondents to proceed to arbitration, pursuant to the terms of several written contracts entered into between the parties and for the appointment of an arbitrator.
The petitioner alleges that there are several similar valid written contracts between it and each of the respondents, all of which provide in pertinent part as follows: “the parties hereto agree that at the option of the Manufacturer, to be exercised only in the event of a substantial change in relative sales volume of the respective allocated territories, the parties hereto will enter into negotiations with one another and with such other of the jobbers with whom the Manufacturer has a similar contract, as the Manufacturer shall designate, for the reallocation among the respective jobbers of the territory assigned to each of them. The said negotiations will be entered into at any time after August 1, 1959 upon ten (10) days prior written notice by the Manufacturer to the jobbers, and in the event of the failure of the parties to reach an agreement within thirty (30) days after the giving of said notice, or in the event there is a dispute as to substantial change in relative sales volume, then at the option of the Manufacturer, the matter of redistribution of territory shall be submitted to a person who shall be designated as arbitrator by the American Arbitration Association, 9 Rockefeller Plaza, New York City. The decision of said arbitrator shall be final and binding upon the parties hereto. ’ ’
Petitioner further alleges that in accordance with the aforementioned agreement, it entered into negotiations with respondents, and that the parties failed to reach an agreement within the required time, and that, therefore, the petitioner sent to each of the respondents a demand for arbitration so as to secure *144 a determination of the reallocation of territories among the respective respondents, and that appended to each demand for arbitration was a proposed consent, pursuant to which the respondents would agree to be bound by the Rules of the American Arbitration Association. This consent was necessary, the petitioner contends, since the association refused to designate an arbitrator, but had stated that it would provide the machinery for arbitration if the parties consented to be bound by the Rules of the American Arbitration Association.
Finally, the petitioner alleges that only one of the respondents, Jacob Misher, has refused to consent to be bound by the Rules of the American Arbitration Association and to proceed to arbitration in accordance with his contract.
Only the respondent Jacob Misher opposes this motion. He contends that there is no arbitral dispute, since the petitioner has not alleged that there was a substantial change in relative sales volume of the respective allocated territories,' but that in any event the motion should be denied since the petitioner only seeks the reallocation of territories among four of the nine jobbers who have similar contracts.
On a motion to compel arbitration, the court can determine (1) whether there is a contract to arbitrate; (2) whether there is an arbitral dispute and (3) whether there was a refusal to arbitrate. (Matter of Carlin Constr. Co. [Bartley Bros. Constr. Corp.], 280 App. Div. 801, affcl. 305 N. Y. 784.) In the case at bar the respondent Misher has not set forth any facts to dispute the validity of the contract to arbitrate; therefore, the court will deem that the contract is valid. (See Matter of Bernstein [Abrams], 176 Misc. 563.) There is, however, a question of whether there is an arbitral dispute.
The contract involved herein clearly provides “ that at the option of the Manufacturer, * * * the parties hereto will enter into negotiations * * * for the reallocation among the respective jobbers of the territory assigned to each of them. The said negotiations will be entered into * * * upon ten (10) days prior written notice by the Manufacturer to the jobbers, and in the event of the failure of the parties to reach an agreement within thirty (30) days after the giving of said notice * * * then at the option of the Manufacturer, the matter of redistribution of territory shall be submitted * * * [to arbitration].”
The petitioner has alleged that negotiations were had and that the parties failed to reach an agreement. Parties to a valid contract may agree that any and all controversies shall be submitted to arbitration, and, if they do, the courts will give *145 effect to their intention. (Matter of River Brand Rice Mills v. Latrobe Brewing Co., 305 N. Y. 36; Matter of Wenger & Co. v. Propper Silk Hosiery Mills, 239 N. Y. 199; Klein Coat Corp. v. Peretz, 4 Misc 2d 341; Dumas v. Sloviko, 89 N. Y. S. 2d 842.)
Therefore, the court is of the opinion that there has been a sufficient showing of an arbitral dispute. The fact that only-four jobbers are sought to be included as parties to the arbitration would not bar the arbitration. Indeed, the contract clearly provides that the ‘ ‘ Manufacturer shall designate ’ ’ the respective jobbers who will be involved in any reallocation. It is apparent, under these circumstances, that the respondent Misher has refused to arbitrate.
Finally, the American Arbitration Association has refused to designate an arbitrator as provided in the parties’ contracts. Therefore, the court may name the arbitrator. (Matter of Delma Eng. Corp. [K & L Constr. Co.], 6 A D 2d 710, affd. 5 N Y 2d 852.)
Accordingly, the motion to compel arbitration is granted. The court will select an arbitrator from a formal list of arbitrators utilized by the American Arbitration Association, to be submitted with a proposed copy of the order to be entered hereon.