Arnold L. Fein, J.
Motions numbered 36 and 37 are considered and determined together in this CPLR article 77 proceeding, to determine disputes relative to an alleged express trust.
The petition alleges that Gibbs & Cox, Inc., and other respondents as administrators of the Gibbs & Cox, Inc., pension plan have not complied with certain provisions of the pension plan, which is incorporated by reference in a collective bargaining agreement dated December 15, 1965 as last amended June 1¿, 1969 (the Collective Agreement) between Gibbs & Cox and the Marine Technicians’ Guild (Guild). The petition also alleges *175 that Gibbs & Cox, Inc., has violated the agreement by failing to pay termination pay to certain persons.
Respondents move to dismiss the petition as not maintainable under article 77, or in the alternative to compel arbitration of the dispute.
Article 77 is applicable by its terms only to determine matters relating to an express trust. The pension plan is not an express trust. It sets forth the circumstances in which pension benefits are to be paid. There is no trust instrument or trust res, nor are there any trustees. The pension plan and the collective agreement, either read separately or taken together, do not create a trust. All contributions made by Gibbs & Cox with respect to the pension plan are paid out of its general funds to the New York Life Insurance Company, which in turn agrees to provide from its general funds pension benefits to pensioners pursuant to a group annuity contract between Gibbs & Cox and New York Life.
Under that contract, the New York Life agreed, in return for a certain level of payments by Gibbs & Cox, it would make payments to retired employees as directed by Gibbs & Cox. The group annuity contract itself creates no pension right in petitioner or the employees he represents. Such rights are created only through the pension plan, as incorporated in the Collective Agreement. Such contractual obligation of the insurer to pay out of its general funds all amounts required under the terms of the contract, is not a trust agreement. (Holmes v. John Hancock Mut. Life Ins. Co., 288 N. Y. 106, 110.) Accordingly there is no express trust, amenable to a special proceeding under CPLR article 77.
Because article 77 is not the proper vehicle for the redress of petitioner’s grievance, it does not necessarily follow that the proceeding must be dismissed. Although not brought in the proper form, the court has jurisdiction over the parties. Accordingly, the court may make.such order as is required for proper prosecution of the proceeding (CPLR 103, subd. [c]; Matter of Phalen v. Theatrical Protective Union No. 1, 22. N Y 2d 34, 41).
Article XV of the Collective Agreement makes “ (a)ny difference arising between the Employer and any technical employee or the Guild relative to the meaning and application of, and compliance with any provision of this agreement ’ ’ subject to arbitration. These disputes are with Gibbs & Cox and not with members of the General Pension Board, who are merely agents of Gibbs & Cox. They are not a separate entity and have no custody over any funds. The disputes are subject *176 to the contract of the Board of Directors of Gibbs & Cox with New York Life and the Collective Agreement and are encompassed within the arbitration clause of the Collective Agreement. Under CPLR 7501 a court may not consider the merits of a grievance or dispute, where there is an agreement to arbitrate (Matter of River Brand Rice Mills v. Latrobe Brewing Co., 305 N. Y. 36; Matter of Exercycle Corp. [Maratta], 9 N Y 2d 329; see Matter of Dimson [Elghanayan], 19 N Y 2d 316).
The motion to dismiss is denied, and the alternative relief requested by respondents is granted, directing arbitration and staying further proceedings until such arbitration is had.