Leon D. Lazeb, J.
In this article 78 proceeding, petitioner seeks a judgment compelling respondent, the County of Suffolk, to comply with section 16 of the 1971 agreement, and subdivision (b) of section 16 of the 1972-1973 agreement, entered into between the Suffolk County Patrolmen’s Benevolent Association and respondent Suffolk County.
Respondents have cross-moved for a judgment dismissing the petition asserting that petitioner’s remedy is arbitration pursuant to the aforesaid agreement or under the Taylor Law.
Copies of the agreements submitted with the cross motion show that a grievance procedure for the settlement of disputes (§ 26) has been established. The final step, or fourth level, of this grievance procedure provides for arbitration. Thus the relief which petitioner seeks in this instant proceeding would seem to be effectively barred.
In Matter of Blum Folding Payer Box Co. (Raften) (27 N Y 2d 35, 38), the Court of Appeals said: “ The very broad limits of arbitrability envisioned in CPLR 7501, as reflected in Matter of Exercycle Corp. (Maratta) (9 N Y 2d 329), forbid any judicial interference with disputes logically connected with the agreement.”
(See, also, Matter of River Brand Rice Mills v. Latrobe Brewing Co., 305 N. Y. 36; Matter of Suffolk Chapter Civ. Serv. Emyloyees Assn., Suffolk County, Index No. 72-15222, Dec. 29, 1972 [Stark, J.].)
On the other hand, if the gravamen of petitioner’s complaint is that respondents have not bargained in good faith, his remedy would then be to seek relief under the so-called Taylor Act (Civil Service Law, art. 14). In either case, however, petitioner is not entitled to any relief in the instant proceedings.
The petition, therefore, is denied and the cross motion of respondents for judgment dismissing the petition is granted without prejudice to the right of petitioner to seek relief under the grievance procedure of the agreement (§ 26), or under the Taylor Act (Civil Service Law, art. 14), as he may be advised.
Submit judgment accordingly.