■ In the Matter of the Arbitration between BOARD OF EDUCATION OF THE ROOSEVELT UNION FREE SCHOOL DISTRICT, Respondent, and ROOSEVELT ADMINISTRATORS ASSOCIATION, Appellant.—In a proceeding to stay arbitration, the appeal is from an order of the Supreme Court, Nassau County, dated July 12, 1977, which granted petitioner's motion to dismiss a counterclaim.* Order reversed, on the law, with $50 costs and disbursements, motion denied and counterclaim reinstated. The petitioner, board of education, applied for a permanent stay of arbitration on the ground that the

---

* We note that an agreement to arbitrate is not a defense to an action and may not therefore be the basis for a motion to dismiss (8 Weinstein-Korn-Miller, NY Civ Prac, pars 7503.19, 7503.20). "CPLR 7503 (subd [a]) provides, instead, for a motion to compel arbitration. In the alternative, the court, without directing arbitration, may stay the action (see, e.g., *Matter of Methodist Church of Babylon [Glen-Rich Constr. Corp.],* 32 AD2d 962, affd 27 NY2d 357; 8 Weinstein-Korn-Miller, NY Civ Prac., par 7503.18; see, also, McLaughlin, Supplementary Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 7503, p 275)." *(Allied Bldg. Inspectors Int. Union of Operating Engrs. v Office of Labor Relations of City of N. Y.,* 45 NY2d 735, 738.)

agreement to arbitrate had expired and the union interposed a counterclaim at law alleging a breach of the same provision of the agreement that it sought to enforce through arbitration. In its reply, in addition to a general denial, and in the supporting affidavit of its counsel, the petitioner urged, as a further ground for the stay of arbitration, that the union's commencement of an action at law was a waiver of its right to arbitration. Special Term, granted the petitioner's application and permanently stayed arbitration, *inter alia,* on the ground that the union had "manifested an intent to waive any right to arbitration" by its interposition of the counterclaim. The petitioner then moved to dismiss the counterclaim on the ground that arbitration is the exclusive remedy under the agreement. Special Term, granted the motion and dismissed the counterclaim. It is from this order that the union appeals. It appears, and the union does not dispute, that under the terms of the collective bargaining agreement between the parties, arbitration is the exclusive method of settling disputes. Since the union did not appeal from the prior order of Mr. Justice Gibbons which granted the petitioner's application for a permanent stay of arbitration, arbitration is no longer available (see *Matter of River Brand Rice Mills v Latrobe Brewing Co.,* 305 NY 36, 41). In the later order of Mr. Justice Young, in which he granted the petitioner's motion to dismiss the union's counterclaim, he held that arbitration had been the sole remedy available to the union. Special Term erred in granting the motion to dismiss the union's counterclaim. The right to rely on the agreement to arbitrate may be waived by a defendant as well as by a plaintiff *(Allied Bldg. Inspectors Int. Union of Operating Engrs. v Office of Labor Relations of City of N. Y., supra,* p 737). The petitioner's use of the counterclaim to bolster its application for a stay of arbitration was "a sufficiently affirmative use of the judicial process so as to be inconsistent with a later motion to stay" the counterclaim and thus the petitioner has waived its right to rely on the agreement to arbitrate (see *De Sapio v Kohlmeyer,* 35 NY2d 402, 406; cf. *Allied Bldg. Inspectors Int. Union of Operating Engrs. v Office of Labor Relations of City of N. Y., supra; Matter of River Brand Rice Mills v Latrobe Brewing Co., supra).* Hopkins, J. P., Martuscello, Latham and Hawkins, JJ., concur.