Hon. David Axelrod Commissioner Department of Health
You inquire whether the records of a physician committee are discoverable under Article 31 of the Civil Practice Law and Rules (CPLR) and whether members of a physician committee must testify in court about information contained in the records of the committee.
In 1974 the Medical Society of the State of New York began a program called the "physician committee" under which volunteer physicians would provide assistance to other physicians suffering from alcoholism, drug abuse, or mental illness (memorandum from counsel to New York State Division of Alcoholism and Alcohol Abuse to counsel to the Governor regarding Senate Bill 9917, which became chapter 343 of the Laws of 1980). The committee members met with the afflicted physician and, if necessary, referred him for treatment (ibid). With the adoption of the Medical Practices Law of 1977 (L 1977, ch 773), the physician committee program was suspended (ibid). That law, among other things, added subdivision 11 to section 230 of the Public Health Law, which requires physicians, specified medical societies and other health profession members and societies to report to the State Board for Professional Medical Conduct ("Board") any information which reasonably appears to show that a physician is guilty of professional misconduct as defined in section 6509 of the Education Law. Section 6509 includes in its definition of professional misconduct habitual alcoholism or drug use or practice of medicine while impaired by alcohol or drugs (subds. [3] and [4]). Apparently, the mandate that information concerning alcoholism or drug abuse be reported to the Board prompted extreme reluctance on the part of physicians to get involved in the physician committee program of the Medical Society of the State of New York. (Committees of the Board conduct hearings on charges of professional misconduct and present findings and recommendations to the Commissioner of Health, who makes a recommendation and transfers the record of the committee proceeding to the Board of Regents for final decision and, if appropriate, assessment of penalites [Public Health Law, §230 (10) (i)].)
The Legislature subsequently determined that programs such as the physician committee should be encouraged in order to facilitate early detection and treatment of alcohol and drug abuse among physicians for the benefit of receivers and providers of medical services (L 1980, ch 343, § 1). An exception was established for a three-year demonstration period during which physicians would not have to report to the Board professional misconduct discovered solely as a result of participating as members of a physician committee of the Medical Society of the State of New York or the New York State Osteopathic Society (Public Health Law, § 230 [11] [c] [ii] added by L 1980, ch 343, § 2). It was further provided that: "All information contained in the records of the committee shall remain confidential and shall not be admitted as evidence in any administrative or judicial proceeding" (Public Health Law, § 230 [11] [g] added by L 1980, ch 343, § 3).
The above-quoted language is dispositive of your question as to whether physician committee records are discoverable under Article 31 of the CPLR. Section 3101 of the CPLR provides for full disclosure of all evidence that is material and necessary in the prosecution or defense of an action. For purposes of the CPLR, the word action includes a special proceeding (CPLR, § 105 [b]). All civil "judicial proceedings" are prosecuted in the form of an action or a special proceeding (CPLR, § 103 [b]). We conclude that the provision of section 230 (11) (g) of the Public Health Law exempting physician committee records from admissibility in a judicial proceeding exempts the records from discovery under Article 31 of CPLR.
We believe that the same quoted language precludes requiring physician committee members to testify in court concerning information in the committee's records. Otherwise, a party to an action could learn by indirection what cannot be obtained directly. As a general rule, this is not permissible (cf., People v. Baldwin, 197 App. Div. 285 [3d Dept, 1921]). Moreover, as noted earlier, members of physician committees do not have to report professional misconduct to the Board if they discovered the misconduct solely through their committee work. If they did not have this exemption and after discovering misconduct, reported it to and participated in a Board hearing, they could not be required to testify concerning what transpired at the hearing (Public Health Law § 230 [9]). It would strain the legislative intent to construe the physician committee exemption in a manner that gives committee members less protection as committee members against testifying than they would have as physicians participating in a Board hearing. We find no basis for inferring that by omitting a specific exemption from testifying in court, the Legislature intended not to protect committee members from testifying, especially since the basic purpose of the three-year demonstration exception is to encourage physician participation in physician committees. "When the construction claimed is inconvenient, absurd, or leads to other objectionable consequences, the argument is especially sound that, if the Legislature had intended legislation resulting in such consequences, it would have said so in explicit language" (McKinneys Statutes, § 74). "It is a familiar legal maxim that `he who considers merely the letter of an instrument goes but skin deep into its meaning', and all statutes are to be construed according to their meaning, not according to the letter" (Matter of River Brand Rice Mills v. Latrobe Brewing Co., 305 N.Y. 36, 43
[1953]).
We read the legislative intent to afford complete protection to members of physician committees. That is, they cannot be compelled to testify about information received and determinations made in the course of their participation as committee members.
We conclude that the records of a physician committee are not discoverable under Article 31 of the CPLR and that members of a committee may not be compelled to testify about information received and determinations made as committee members.