First Department, June, 1952.

(June 3, 1952.)

∎

In the Matter of the Arbitration between WILLIAM J. BOHLINGER, as President of the International Union of Operating Engineers, Local No. 94, AFL, Respondent, and NATIONAL CASH REGISTER COMPANY, Appellant.

Appeal from an order of the Supreme Court at Special Term, entered March 5, 1952, in New York County, which denied a motion by appellant for an order permanently staying the arbitration sought by petitioner.

*Per Curiam.* Paragraph " FIFTEENTH " of the collective bargaining agreement places no restriction on the inherent right of appellant to discharge an employee with or without cause. Nor can any such restriction be found in any other clause of the contract. In the absence of such inhibition, an employer has an absolute right to discharge. (*Watson* v. *Gugino,* 204 N. Y. 535, 541; *Matter of Local 1482 of Brotherhood of Painters, Decorators & Paperhangers* [*Clover Leaf Paint & Varnish Corp.*] 273 App. Div. 807; *Stonewall Cotton Mills* v. *National Labor Relations Bd.,* 129 F. 2d 629, 632, certiorari denied 317 U. S. 667.)

As there was no restriction on the right of appellant to discharge, there was no violation of any obligation owed to any employees when such right was exercised in this case. No obligation having been violated there can be no dispute and, consequently, there is nothing to arbitrate.

The order should be reversed, with $20 costs and disbursements to appellant, and the motion to permanently stay arbitration should be granted.

SHIENTAG, J. (dissenting). I dissent and vote to affirm the order appealed from. The arbitration clause could hardly be broader in its scope. It provides as follows: " SEVENTEENTH: In the event of any dispute between the parties hereto with reference to any matter not provided for in this Contract, or in reference to the terms, interpretations or application of this Contract, such disputes shall be referred to a Board of Arbitration ⁘ ⁘ ⁘ and the decision of the arbitrators shall be final and binding upon all parties."

There is no provision in the agreement which gives the company any right to discharge employees without cause. On the contrary, the contract recognizes that questions concerning discharge may arise for it specifically defines a discharge as follows: " FIFTEENTH: For the purpose of this Contract distinction is made between discharge and lay-off of employees. In the case of discharge it is the intent permanently to terminate the employee's employment. In the case of lay-off, the cessation of employment is intended to be only temporary."

This is the only reference in the contract to discharge. In my opinion, in view of the broad scope of the arbitration clause above set forth, the question as to whether the company had an absolute right to discharge the two employees in controversy or whether there was just cause for their discharge should be left to arbitration. The parties evidently intended to have referred to arbitration all disputes whether or not provided for specifically in the contract. The order appealed from should be affirmed.

Peck, P. J., Cohn, Van Voorhis and Heffernan, JJ., concur in *Per Curiam* opinion; Shientag, J., dissents and votes to affirm, in opinion.

Order reversed, with $20 costs and disbursements to appellant, and the motion to permanently stay arbitration granted.