In the Matter of the Arbitration between WILLIAM J. BOHLINGER, as President of the International Union of Operating Engineers, Local No. 94, AFL, Appellant, and NATIONAL CASH REGISTER COMPANY, Respondent.

Argued April 14, 1953; decided July 14, 1953.

*Harold L. Luxemburg* for appellant. I. An agreement to arbitrate " any matter not provided for in [the] Contract " encompasses a dispute concerning the discharge of employees. (*Matter of Buffalo & Erie Ry. Co.*, 250 N. Y. 275; *Matter of Lipman [Haeuser Shellac Co.]*, 289 N. Y. 76; *Matter of Kelley*, 240 N. Y. 74; *Matter of Utility Laundry Service [Sklar]*, 300

N. Y. 255; *Matter of Compagnie Française des Petroles [Pantepec Oil Co., C. A.]*, 279 App. Div. 851; *Matter of Marchant* v. *Mead-Morrison Mfg. Co.*, 252 N. Y. 284; *Locke* v. *Filley*, 14 Hun 139; *Matter of Bullard [Grace Co.]*, 240 N. Y. 388.) II. Whether or not the contract provided for arbitration of discharges is a question of fact to be decided by the arbitrator. (*Matter of Pierce [Brown Buick Co.]*, 283 N. Y. 669; *Matter of Kahn [National City Bank]*, 284 N. Y. 515; *Matter of Behrens [Feuerring]*, 296 N. Y. 172; *Matter of Western Elec. Co. [Communications Workers of America]*, 304 N. Y. 578; *Robertson* v. *Ongley Elec. Co.*, 146 N. Y. 20; *Matter of Freydberg Bros.* v. *Corey*, 263 App. Div. 805; *Matter of Goldberg Enterprises [Schaye]*, 222 App. Div. 729.)

*George W. Foley* and *Thomas F. Fennell, II*, for respondent. I. The alleged dispute concerning the discharge is not arbitrable because, in the absence of restriction, the employer had the absolute right to discharge. (*Matter of International Assn. of Machinists [Cutler-Hammer, Inc.]*, 271 App. Div. 917, 297 N. Y. 519; *Matter of Belding Heminway Co. [Wholesale & Warehouse Workers' Union]*, 295 N. Y. 541; *Matter of Bullard [Grace Co.]*, 240 N. Y. 388; *Watson* v. *Gugino*, 204 N. Y. 535; *Martin* v. *New York Life Ins. Co.*, 148 N. Y. 117; *Matter of Local 1482 of Brotherhood of Painters, Decorators & Paperhangers [Clover Leaf Paint & Varnish Corp.]*, 273 App. Div. 807; *Labor Bd.* v. *Jones & Laughlin*, 301 U. S. 1; *Stonewall Cotton Mills* v. *National Labor Relations Bd.*, 129 F. 2d 629, 317 U. S. 667; *Matter of General Elec. Co. [United Elec. Radio & Mach. Workers]*, 300 N. Y. 262.) II. An arbitrable dispute cannot be supported on the claim that the discharge concerns a matter not provided for in the collective bargaining agreement.

Lewis, Ch. J. This appeal is an outgrowth of a dispute which arose between the union-petitioner and the employer-respondent involving the following provision for arbitration which the parties agreed should be inserted in their contract for collective bargaining: "Seventeenth: In the event of any dispute between the parties hereto with reference to any matter not provided for in this Contract, or in reference to the terms, interpretations or application of this Contract, such disputes shall

be referred to a Board of Arbitration, which shall consist of three members, one designated by the Employer, one designated by the Union, and the third, who shall be the Impartial Chairman, shall be appointed by the first two designated. If no agreement can be reached between the two as to whom should be appointed Impartial Chairman, such appointment shall be made by the New York State Board of Mediation, and the decision of the arbitrators shall be final and binding upon all parties. The expense of such arbitration shall be shared equally by the Employer and the Union.''

On or about January 3, 1952, the employer discharged two employees covered by the collective bargaining agreement, the assigned reason being that, while still on the employer's payroll, they had worked for a company in competition with the employer during their off hours. The union demanded arbitration of the dispute which it claimed had arisen over the employees' discharge without notice or warning by reason of their alleged disloyalty. The company resisted the demand for arbitration asserting that the dismissal was a matter outside the terms of the collective bargaining agreement and was therefore a matter not subject to arbitration.

When the union persisted in its demand, the employer moved at Special Term for an order directing that arbitration be permanently stayed on the ground that there was no agreement between the parties providing for arbitration of the alleged dispute and that the alleged dispute was not arbitrable. At Special Term the employer's motion was denied upon the ground that the express language of the provision for arbitration included disputes as to matters not covered by the contract. The court thereupon concluded that inasmuch as the discharge of employees was a matter not expressly covered by the contract, the propriety of the discharge was a subject for arbitration under the clear terms of the contract.

At the Appellate Division where, by a divided court, the order denying the stay of arbitration was reversed and the employer's motion was granted, the court ruled that the collective bargaining agreement placed no restriction on the inherent right of the employer to discharge an employee with or without cause and hence, in the absence of such an inhibition, the employer

retained an absolute right to discharge. Upon that reasoning, a majority of the court concluded that there was no violation of any obligation owed to any employees and since no obligation had been violated, there could be no dispute subject to arbitration.

The clause in controversy, it is plain, contemplated the submission to arbitration not only of the terms, interpretation and application of the collective bargaining agreement itself, but also any dispute which might arise in respect of matters not provided for in the agreement. There can be no claim of ambiguity in the language chosen to express what the parties intended; nor does it appear that the language agreed upon failed to express that intention. The failure to allude specifically to every possible area of dispute should not result in making an arbitration clause unworkable where the parties have specifically said that it was their intention to include "any dispute * * * with reference to any matter not provided for in this Contract". (*Matter of Lipman* [*Haeuser Shellac Co.*], 289 N. Y. 76, 80.)

There is another provision in the contract to which our inquiry is directed: Paragraph "FIFTEENTH" provides that a distinction should be made "between discharge and lay-off of employees", and insofar as material here, then provides: "* * * In the case of discharge it is the intent permanently to terminate the employee's employment. In the case of lay-off, the cessation of employment is intended to be only temporary." The clause then sets forth how the principle of seniority shall be applied in the case of a lay-off.

The clause of the contract last quoted above actually defines a discharge, but the agreement, as both the employer and the union agree, otherwise fails to provide whether the employer shall have the right to discharge without notice and without cause. Each party disputes the effect of that omission. The employer contends that because the contract failed to mention the right of discharge, the agreement retained for the employer its common-law right to discharge at will. The union, referring to the same omission, argues that because the contract defined a discharge and then failed to secure any right to the employer to discharge employees, any discharge by the employer thereby gave rise to an arbitrable dispute. We need not resolve that

dispute as to how the collective bargaining agreement should be construed because its mere statement demonstrates conclusively that under the broad language of the arbitration clause, the opposing contentions of the parties ought to be resolved by the arbitrators in respect of its interpretation.

The order of the Appellate Division should be reversed, and that of Special Term affirmed, with costs in this court and in the Appellate Division.

DESMOND, J. (dissenting). This employer had, in the absence of countervailing statute or agreement, an absolute, common-law right to discharge its employees, with or without cause (*Watson* v. *Gugino,* 204 N. Y. 535, 541; *Martin* v. *New York Life Ins. Co.,* 148 N. Y. 117, 121). Since, concededly, no statute and no agreement has cancelled or cut down that right, there is nothing here to arbitrate. True, the arbitration clause is a broad one, but not broad enough to send to arbitrators a supposed question of whether the employer has waived his common-law right or agreed to arbitrate as to discharges, when there is not a word in the agreement to say or suggest that the parties were dealing with any such matter.

Indeed, appellant concedes in its brief on this appeal, that " on the face of the contract there appears no limitation of the right of the employer to discharge." Since there was no such contractual limitation, the right remained, unimpaired, and no " dispute " about it could arise merely on appellant's say-so. Furthermore, there is in the contract itself (article Fifteenth) evidence that the parties were, knowingly, abstaining from any agreement as to discharges. After defining " lay-off " and " discharge " and noting that a distinction is being made between " discharge " and " lay-off ", the agreement makes certain rules as to " lay-offs " but none as to " discharges ". In practical effect, that was a declaration that the employer's rights as to discharges were unimpaired by the agreement.

There should be an affirmance, with costs.

CONWAY, FULD and FROESSEL, JJ., concur with LEWIS, Ch. J.; DESMOND, J., dissents in opinion in which DYE, J., concurs; VAN VOORHIS, J., taking no part.

Ordered accordingly.