**STERLING FOUNDATIONS, Inc.,**
**Plaintiff,**

v.

**MERRITT–CHAPMAN & SCOTT COR-**
**PORATION, Defendant.**

**Civ. A. No. 15128.**

United States District Court
E. D. New York.

Sept. 28, 1955.

Alexander & Ash, New York City, for plaintiff, Edward Ash, Joseph Arthur Cohen, New York City, of counsel.

Townley, Updike, Carter & Rodgers, New York City, for defendant, John J. Macchia, New York City, of counsel.

GALSTON, District Judge.

This action is brought pursuant to Title 28, U.S.C.A. § 2201, there being, so it is alleged, an actual controversy between the parties.

The defendant has moved to dismiss the action on the ground that the court lacks jurisdiction of the subject matter, or in the alternative to stay the trial of the action and all proceedings herein pursuant to section 3 et seq. of the United States Arbitration Act, 9 U.S.C.A. § 3 et seq., until arbitration has been had before the American Arbitration Association in accordance with the terms of an agreement to arbitrate between the parties hereto.

The controversy out of which the action arose may be briefly stated. The plaintiff and the defendant are both engaged as contractors for the construction of projects. In February 1950, the defendant and the Tidewater Construction Corporation entered into a contract with the Elizabeth River Tunnel Commission of Virginia for the construction of a bridge-tunnel project between the cities of Norfolk and Portsmouth. Thereafter the defendant, in December 1950, entered into a sub-contract with the plaintiff whereunder plaintiff agreed to perform a portion of defendant's contract with the Tunnel Commission. In the contract between the defendant and Tidewater, it was stated that those companies indemnify and save harmless the Tunnel Commission "from and against all losses and all claims, demands, payments, suits, actions, recoveries and judgments of every nature and description brought or recovered against the Commission, by reason of any act or omission of the said contractor, his agents or employees, in the execution of the work and the guarding of it."

The contract between the plaintiff and the defendant contains the identical obligation of the plaintiff to indemnify the defendant.

The critical clause in the determination of the motion in this case stems from the following arbitration clause found in the contract between plaintiff and defendant:

"15. Arbitration—Any dispute arising hereunder (except a dispute involving an order, direction or decision of the Engineers which shall be otherwise disposed of as specifically provided in the Contract Documents), shall be disposed of by arbitration in New York, under the rules then obtaining of the American Arbitration Association."

During the course of construction, property in the vicinity of the project was damaged. As a result, action was brought by one of the owners against Tidewater and the defendant; and the same plaintiff brought suit against the Tunnel Commission.

Upon demand by the Tunnel Commission, and in compliance with the indemnity clause in the contract with the Commission, Tidewater and the defendant assumed the defense of these actions. The defendant herein demanded of the plaintiff herein that it defend these actions and pay any judgments or recoveries therein in accordance with the terms of contract between them. Plaintiff herein refused to comply with that request.

Thereafter the suits were settled for $8,000, to which defendant contributed $4,000. The defendant then demanded reimbursement from the plaintiff herein and arbitration before the American Arbitration Association pursuant to the arbitration clause quoted above. However, after the receipt of the demand for arbitration, instead of compliance therewith, the plaintiff filed the complaint herein contending that the plaintiff under its agreement is not required to proceed with or take part in the demanded arbitration.

Similar matters have arisen before in the federal courts. The arbitration clause itself in this case leaves no doubt that any dispute arising under the contract shall be disposed of by arbitration in New York under the rules obtaining of the American Arbitration Association. The only stated exception in the arbitration clause which has been quoted hereinbefore is "a dispute involving an order, direction, or decision of the Engineers which shall be otherwise disposed of as specifically provided in the Contract Documents." Neither in the complaint nor in the answering affidavits, nor in plaintiff's brief, does it appear that that exception extends to the controversy between the parties herein. In all fairness the defendant should not be obstructed in its endeavor to arbitrate the dispute. That is what the parties contracted to do, and the contract should be enforced. Section 3 of 9 U.S.C.A. relates to stay of proceedings where the issue is referable to arbitration. The clause reads:

"§ 3. *Stay of proceedings where issue therein referable to arbitration*

"If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on applica-

tion of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration. July 30, 1947, c. 392, § 1, 61 Stat. 669."

Such relief as the defendant seeks herein was considered by various authorities and the stay granted. See Agostini Bros. Bldg. Corp. v. United States, 4 Cir., 1944, 142 F.2d 854, 855. In that case Judge Parker wrote concerning the stay section of the Federal Arbitration Act:

"There can be no question that, under language of this section, defendants were entitled to the stay asked. * * *

"We see no reason to thus limit the plain meaning of the general language used in section 3."

See also Wilson Bros. v. Textile Workers Union, D.C.S.D.N.Y.1954, 132 F.Supp. 163.

In a case that came before me a few years ago, Fox v. The Giuseppe Mazzini, D.C.E.D.N.Y.1953, 110 F.Supp. 212, 213, the objection of the plaintiff to the enforcement of the arbitration clause was that the clause was " 'vague and nebulous' ". I stated:

"However, our courts and the English courts have held that an arbitration clause is to be given the broadest possible interpretation as to subject matter, In re Pahlberg Petition, 2 Cir. [1946], 131 F.2d 968, and Heyman v. Darwins, Ltd. (1942) App.Cas. 356."

See also the following New York cases: River Brand Rice Mills, Inc., v. Latrobe Brewing Co., 1953, 305 N.Y. 36, 110 N.E. 2d 545, and Bohlinger v. National Cash Register Co., 1953, 305 N.Y. 539, 114 N.E.2d 31.

To permit the declaratory judgment action to proceed before the arbitration proceeding is terminated would be to frustrate the right of defendant to en-

force its contract. See United Office & Professional Workers of America, C. I. O. v. Monumental Life Insurance Co., D.C.E.D.Pa.1950, 88 F.Supp. 602; Textile Workers Union of America, C. I. O. v. American Thread Co., D.C.Mass.1953, 113 F.Supp. 137.

The motion of the defendant for a stay is granted.

Settle order on notice.