**LOCAL 1401, RETAIL CLERKS INTERNATIONAL ASSOCIATION, AFL–CIO, Plaintiff-Appellee,**

v.

**WOODMAN'S FOOD MARKET, INC., Defendant-Appellant.**

No. 15777.

United States Court of Appeals
Seventh Circuit.

Dec. 7, 1966.

Jacob Geffs, Geffs, Geffs, Block & Geffs, Janesville, Wis., for defendant-appellant.

David Loeffler of Lawton & Cates, Madison, Wis., for plaintiff-appellee.

Before HASTINGS, Chief Judge, DUFFY, Senior Circuit Judge and SCHNACKENBERG, Circuit Judge.

DUFFY, Senior Circuit Judge.

Plaintiff (Union) brought this suit seeking specific performance of a certain oral agreement by which it was alleged defendant agreed to reinstate a discharged employee, one Michael Hoesly, and, in the alternative, for specific performance of that part of the existing collective bargaining agreement providing for arbitration.

Hoesly was a sixteen year old high school youth who worked as a checkout boy. His hours of employment averaged from sixteen to twenty per week. He worked primarily on Saturdays and Sundays. Defendant alleges Hoesly was discharged for being absent without notice; that he failed to carry out specific work orders and was rude to customers.

A collective agreement exists between the parties to this suit which is effective April 19, 1964 through July 15, 1967. Article 14 of this Agreement provides, in part, that no employee shall be discharged without good and sufficient cause. It further provides that dishonesty, incompetency, drunkenness and incivility shall be considered sufficient causes for dismissal.

The District Court did not decide whether an oral agreement for reinstatement was, in fact, made. Nor did the Court express an opinion as to whether the notice of grievance was timely filed. The collective agreement provided that such a notice should be given in writing within fifteen days. The written notice herein was given within seventeen days.

The basis for the decision of the District Court in ordering summary judgment for the plaintiff was that the arbitration clause in the collective agreement was applicable, and the defendant herein was ordered to "proceed forthwith to the third party arbitration of the merits of Michael Hoesly's discharge."

In that part of the collective agreement providing for arbitration, Article 11, provision is made for "A. * * * complaints arising out of the terms, application or interpretation of this agreement

* * *" and "B. In the event of a dispute or grievance arising between the employer and employee, relative to wages, hours, or conditions of employment under the terms of this agreement. * * *"

■■ The employer argues that it is significant that in the arbitration language of the agreement, there is no express reference to a discharge of an employee as a matter that would be subject to arbitration. However, this is not the proper test. We think the law is clear that the purpose to exclude subject matter from arbitration must be specifically spelled out, and that doubts are to be resolved in favor of arbitration. United Steelworkers of America v. Warrior & Gulf Navigation Company, 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960), and United Steelworkers of America v. American Mfg. Co., 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960). Applying this test, the District Court was correct in holding a discharge to be subject to arbitration under the terms of the agreement.

Appellant cites Bohlinger v. National Cash Register Co., 280 App.Div. 751, 113 N.Y.S.2d 46, and quotes several paragraphs from that opinion. This case should not have been cited to us as an authority, for that decision was reversed in 1953. 305 N.Y. 539, 114 N.E.2d 31.

The Union claimed that the "face-to-face" meeting on January 24, 1966, in relation to Hoesly's discharge, was substantial compliance with Article 11 of the Collective Bargaining Agreement.

The question to be resolved is—Have the parties complied with certain procedural requirements? Then follows the question—Who is to decide whether procedural conditions precedent to arbitration have been satisfied, the Court or arbitrator?

■ The questions have been decided in John Wiley & Sons, Inc. v. Livingston, 376 U.S. 543, 84 S.Ct. 909, 11 L.Ed.2d 898 (1964). There, the Court considered a claim that certain grievances could not be submitted to arbitration because they were presented to the company long after the time period limitation specified in the agreement. The Court held that the issue of timeliness was a matter of procedural arbitrability to be resolved by the arbitrator. At page 557 of 376 U.S., at page 918 of 84 S.Ct. the Court said: "Once it is determined, as we have, that the parties are obligated to submit the subject matter of a dispute to arbitration, 'procedural' questions which grow out of the dispute and bear on its final disposition should be left to the arbitrator." See also Local Union No. 51, etc. v. Illinois Power Co., 7 Cir., (1966), 357 F.2d 916, cert. den. 87 S.Ct. 78.

■ Furthermore, we think the issue of whether a person shall continue in employment is a "condition of employment," within the meaning of Article 11 B of the Collective Agreement Contract. In Fibreboard Paper Products Corp. v. National Labor Relations Board, 379 U.S. 203, 85 S.Ct. 398, 13 L.Ed.2d 233 (1964), the Supreme Court held that whether employment continues is a condition of employment within the meaning of Section 8(a) (5) of the N.L.R. Act. We think the same reasoning applies in construing a smiliar phrase of a collective agreement.

### CLAIM OF RES JUDICATA

This appeal was filed on July 6, 1966. Thereafter, on October 8, 1966, after the briefs in the instant appeal had been filed, the District Court rendered a decision and entered an order dismissing, on the merits, plaintiff's first cause of action which was based on the claim that defendant had entered an oral agreement to reinstate the discharged employee, Hoesly. The Court noted that plaintiff had pressed for a decision on its first cause of action while the appeal from the Court's ruling on the second cause of action was pending here.

Defendant brings this second decision of the District Court to our attention stating it removes from the instant appeal the allegations in the first count of the amended complaint for the reason that the matter is now *res judicata*.

As the first cause of action was not before us on this appeal, we are not entirely certain as to defendant's claim of the application of the doctrine of *res judicatu*. However, we shall adopt the interpretation of appellee—". . . making the argument that the District Court's determination that the alleged oral contract could not be specifically enforced was *res judicata* on the issue of specific performance of the arbitration clause of the written collective agreement."

In other words, the defendant argues that the District Court's decision dismissing the claim based on an alleged oral agreement leaves nothing to be submitted to arbitration. We do not agree.

Both sides cite Torrington Co. v. Metal Products Workers Union Local 1645, 2 Cir. (1965), 347 F.2d 93, cert. den. 382 U.S. 940, 86 S.Ct. 394, 15 L.Ed.2d 351. In that case, the employer sought a declaratory judgment that certain grievances were not arbitrable.

It seems clear that the Court, in *Torrington*, carefully considered the differences between an oral agreement and a contract providing for arbitration. These separate agreements may give rise to separate legal actions. An action to compel arbitration can proceed separately from a suit on the oral agreement. Conversely, an action on the oral agreement should not bar enforcement of the written collective bargaining agreement once the Court determines that it provides for arbitration of a particular dispute.

The District Court made no determinations on October 8 which were inconsistent with enforcement of the arbitration clause. We hold the claim of *res judicata* based upon the decision of the District Court dated October 8, 1966, cannot be sustained.

The judgment of the District Court ordering specific performance of the arbitration clause in relation to the discharge of Michael Hoesly is

Affirmed.