HERMAN R. HAIRSTON, Respondent, v. ASHEVILLE INTERNATIONAL TEXTILES Co., INC., et al., Appellants.— Order of the Supreme Court, Kings County, entered June 7, 1967, affirmed, with costs. No opinion. Christ, Acting P. J., Benjamin, Munder and Martuscello, JJ., concur; Hopkins, J., dissents and votes to reverse the order and to grant defendants' motion to stay the action, with the following memorandum: The action is brought to recover on an oral agreement whereby, it is alleged, plaintiff and defendants entered into a joint venture concerning the purchase and sale of woolen goods. Plaintiff contends that defendants were to purchase the goods in Italy, have them processed in the Virgin Islands, and then import them into the United States; plaintiff was to secure a purchaser for the goods at a certain price and, upon performance, was to receive one third of the resultant profits. This agreement, plaintiff claims, was made in December, 1964. Defendants moved to stay the action on the ground of an arbitration clause in a written agreement made in December, 1965, whereby plaintiff was employed by defendants as a sales agent. That agreement is contained in a letter addressed to plaintiff by all of the defendants, the terms of which were accepted in writing by plaintiff. In that letter the following paragraph appears: " Any claims or controversies arising between us shall be settled by arbitration in New York City, which arbitration must be commenced within one year from the date of claim or controversy arises in accordance with the rules then obtaining of the American Arbitration Association or such organization as shall succeed thereto, and judgment upon the award of the arbitrators may be entered in any Court having jurisdiction thereof. In any arbitration concerning this agreement, or the breach thereof, the arbitrators shall be limited to the express terms of the agreement." If the arbitration clause embraces all controversies arising between the parties, whether arising from the written agreement or not, then

this action must be stayed, for it is clear that the signatories to a contract may validly agree to arbitrate all disputes between them, no matter what the source of the dispute may be (*Matter of Plein* [*Charchat*], 17 A D 2d 25, affd. 12 N Y 2d 736; *Matter of Bohlinger* [*National Cash Register Co.*], 305 N. Y. 539; *Greene Steel & Wire Co.* v. *Hartmann & Co.*, 235 N. Y. S. 2d 238; *Matter of Chakrin*, 97 N. Y. S. 2d 258). Since the oral agreement antedates, as plaintiff asserts, the written agreement, it may be presumed that the parties were aware of the existence of the oral agreement when they provided for arbitration in the written agreement. The narrow question is, accordingly, whether the language of the arbitration clause may fairly be construed to include disputes arising out of the oral agreement. In my opinion, the parties intended that all disputes between them should be determined by arbitration. It will be noticed that the clause in issue consists of two sentences. The first provides for arbitration of " Any claims or controversies " and does not mention the written agreement; the second provides for arbitration " concerning this agreement, or the breach thereof " and limits the arbitrators to the express terms of the agreement. Clearly, the dispute here falls within the scope of the language of the first sentence. If it is said that the parties intended merely that disputes arising from the written agreement or its breach should be arbitrated, the first sentence of the clause becomes meaningless, and the restriction in the second sentence should have been included in the first sentence. Consequently, the order should be reversed, and the motion to stay the action granted.