In the Matter of the Arbitration between DALE B. BAUER et al., Respondents, and MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Appellant.

Fourth Department, January 16, 1969.

*Bond, Schoeneck & King* (*John M. Freyer* of counsel), for appellant.

*Charlotte L. Smallwood* (*Vincent O. Ladd* of counsel), for respondents.

DEL VECCHIO, J. These are appeals by Motor Vehicle Accident Indemnification Corporation (hereafter MVAIC) from an '' order and judgment '' directing it to proceed to arbitration of claims by petitioners Bauer and from an order denying reargument of the prior determination.

In May, 1964 petitioners were involved in an automobile accident in Wyoming County with an allegedly uninsured motorist. On September 16, 1964 their attorney, Smallwood, whose office is located in Wyoming County, filed claims with MVAIC for compensation under the standard automobile accident indemnification endorsement attached to the liability insurance policy issued to petitioner Ethel Bauer. Following an exchange of extensive correspondence between attorney Smallwood and MVAIC, the latter advised that the claims were rejected as untimely. Thereafter, on December 8, 1967 MVAIC received from petitioners' attorney a demand for arbitration of the claims, setting forth the provision of the automobile accident indemnification endorsement which provided for arbitration of unsettled disputes in accordance with the rules of the American Arbitration Association. The notice, which was served by certified mail, also stated that a copy of the arbitration agreement and demand was being filed with the American Arbitration Association administrator with the request that it immediately put the accident claims tribunal rules into effect.

On December 15, 1967 petitioners' attorney received from MVAIC by certified mail, return receipt requested, a notice of petition and petition returnable January 8, 1968 in Supreme Court, New York County, for a stay of arbitration upon the grounds that the claims were untimely and lack of proof that the other vehicle was uninsured. Petitioners never appeared in the New York County proceeding, but on December 21, 1967 they obtained an order to show cause returnable in Supreme Court, Wyoming County, for an order directing arbitration and declaring MVAIC's application for a stay in New York County void upon the ground that service upon petitioners' attorney did not commence a special proceeding and did not confer jurisdiction over petitioners. Sustaining petitioners' contentions, the court in Wyoming County held that '' since service on an attorney does not meet the requirements for instituting a

special proceeding, the proceedings between petitioners herein and MVAIC pending in New York County, although prior in time of service, are without jurisdiction and a nullity'' and that MVAIC, having failed to apply for a stay within 10 days after demand for arbitration, is barred by CPLR 7503 (subd. [c]) from litigating preliminary to arbitration the issue of untimeliness or whether petitioners were injured by an uninsured motorist. (55 Misc 2d 991, 996.)

The sole question presented is whether service of the notice of petition and petition upon petitioners' attorney, rather than upon petitioners themselves, constituted an application for a stay of arbitration under CPLR 7503 (subd. [c]).

It is clear, as petitioners contend and the court has determined, that the application for a stay of arbitration was the institution of a special proceeding, rather than a motion in a pending legal action or proceeding (CPLR 7502, subd. [a]). Jurisdiction is obtained in a special proceeding by the service of an order to show cause, in the manner specified therein, or of a notice of petition, which shall be served in the same manner as a summons in an action (CPLR 304; 403, subds. [c], [d]). When the object of the special proceeding is to stay arbitration, an additional manner of service is provided by CPLR 7503 (subd. [c]) — viz., the notice may be served '' by registered or certified mail, return receipt requested ''.

In addition to the methods for obtaining jurisdiction provided by statute, the Court of Appeals has repeatedly held that a party may by agreement consent to the jurisdiction of a court which would not otherwise have authority over him. In *Gilbert* v. *Burnstine* (255 N. Y. 348) the court held that public policy does not forbid the appointment of an agent to accept service, or an agreement, in advance of litigation, to submit oneself to jurisdiction by subjecting oneself to process. It concluded that New York residents who executed a contract under which differences were to be '' arbitrated at London pursuant to the Arbitration Law of Great Britain '' (p. 352) had made an '' implied submission to the terms of the act itself, and to any rules or procedural machinery adopted by competent authority in aid of its provisions.'' (p. 358).

In *Pohlers* v. *Exeter Mfg. Co.* (293 N. Y. 274, 279) the court referred to the *Gilbert* case and held that '' Ordinarily a court can acquire jurisdiction of the person of a defendant only by service of process within the jurisdiction of the court; but that rule does not apply where the defendant ' has agreed in advance to accept, or does in fact accept, some other form of service as sufficient '.''

In *Prosperity Co.* v. *American Laundry Mach. Co.* (297 N. Y. 486) the Court of Appeals held a New York corporation, which had agreed to arbitrate under the laws of Ohio, subject to an award made by an arbitrator appointed by an Ohio court, even though the New York corporation had not been served in Ohio with notice of the appointment as required by Ohio's arbitration statute. The agreement was held to constitute a submission to jurisdiction of the Ohio court by consent. In reaching the same conclusion, the Appellate Division in the *Prosperity Co.* case quoted from *Gilbert* v. *Burnstine* (*supra,* pp. 353–354): "Contracts made by mature men who are not wards of the court should, in the absence of potent objection, be enforced. Pretexts to evade them should not be sought."

We think the same principle is applicable to the present case. Section 30 of the accident claims tribunal rules of the American Arbitration Association provides that each party to an agreement which provides for arbitration under these rules "shall be deemed to have consented and shall consent that any papers, notices or process necessary or proper for the initiation or continuation of an arbitration under these Rules and for any court action in connection therewith or for the entry of judgment on any Award made thereunder may be served upon such party (a) by mail addressed to such party *or his attorney* at his last known address." The automobile accident indemnification endorsement under which petitioners' claims are asserted expressly provides that disputed claims shall be settled in accordance with the rules of the American Arbitration Association and the demands for arbitration served upon MVAIC specifically gave notice that the Arbitration Association administrator was being requested immediately to put the accident claims tribunal rules into effect. In these circumstances we can reach no other conclusion but that petitioners had authorized and designated their attorney Smallwood, who had represented them in their unsuccessful attempts to induce MVAIC to honor their claims, as their agent upon whom service of process might be made for the commencement of a special proceeding to stay arbitration.

The United States Supreme Court has recognized that both under Federal and New York State law service on an agent designated by contract for such purpose is a valid predicate for the assertion of in personam jurisdiction over the principal making the designation (*National Rental* v. *Szukhent,* 375 U. S. 311). In the same case it was pointed out that designation of an agent for service in the manner provided by CPLR 318

is not exclusive (p. 317). (To the same effect see 1 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 318.05.) There are a number of instances in which statutes of this State effect the designation of a public official as agent for acceptance of service of process in particular situations (e.g., Vehicle and Traffic Law, §§ 253, 344; Banking Law, § 131, subd. 3; SCPA 708; Insurance Law, § 59; General Associations Law, § 19; General Business Law, § 250).

In view of the foregoing, we can perceive no reason why the agreement to settle disputed claims under the automobile accident indemnification endorsement in accordance with the American Arbitration Association rules, thereby designating petitioners' attorney as agent to receive service of process, should not be given effect, and why service of the notice of petition to stay arbitration on attorney Smallwood should not be recognized as a valid method for obtaining jurisdiction over petitioners Bauer in the special proceeding.

We reach the same conclusion by virtue of CPLR 7506 (subd. [d]). That section, which is contained in the article of the practice statute dealing with arbitration, provides in part: '' If a party is represented by an attorney, papers to be served on the party shall be served upon his attorney.'' Petitioners' argument — that because there was no arbitration pending, by reason of MVAIC's refusal to arbitrate, and because there had been no formal appearance in a pending action or special proceeding, the parties had not reached a stage where CPLR 7506 (subd. [d]) would come into effect — is without merit. Certainly, by the service of a demand for arbitration by petitioners' attorney, there had been a beginning of the steps referred to and outlined by the arbitration article of the practice act, article 75. CPLR 7503 (subd. [c]) thereof describes the content and the manner of service of the notice or demand for arbitration, and it was under this section that petitioners proceeded when the demands for arbitration were served on December 8, 1967. When attorney Smallwood, who had been communicating with MVAIC on behalf of petitioners since the original filing of their claims, served these demands with notations that she was representing petitioners, CPLR 7506 (subd. [d]) came into play and MVAIC was authorized by that section to serve all future papers upon the attorney rather than upon the clients. Nothing conditions the effectiveness of CPLR 7506 (subd. [d]) upon a formal court appearance by the attorney. Indeed, it is entirely conceivable that a major part of, or even an entire arbitration, might commence, be conducted, and result in an award without any court proceeding

having been initiated. Nevertheless, the absence of formal litigation certainly would not render inoperative the provision for service on an attorney in arbitration.

Finally, we are satisfied that the result reached is the one most likely to protect the interests of persons in the position of petitioners, who have engaged counsel to represent them in the prosecution of claims which may be subject to arbitration. Once an attorney has been employed and has embarked upon the formal legal steps necessary to obtain arbitration, we conclude that the claimant will be best protected by having all subsequent papers served upon the attorney, who is now in charge of the matter and is responsible for appropriate responsive action, rather than upon the claimant. Service upon the latter, who would ultimately deliver the papers served upon him to his attorney, would only delay the time when the papers come into the hands of the attorney and might in fact seriously prejudice the claimant.

We are not unmindful that the Second Department, in a case similar to the present one, has held that service of notice of petition on the attorney for claimant is not effective to confer jurisdiction in a special proceeding to stay arbitration (*Matter of State-Wide Ins. Co. [Lopez]*, 30 A D 2d 694). However, for the reasons stated above, we have reached a contrary conclusion.

Since the notice of petition for a stay of arbitration was properly served on attorney Smallwood, the " order and judgment " compelling arbitration should be reversed and the petition denied. Upon consent of MVAIC, expressed in its brief on this appeal, the application for a stay of arbitration is transferred from New York County to Wyoming County, the county of petitioners' residence, for determination on the merits. We disapprove the practice of moving for a stay of arbitration in a county far removed from the county where arbitration is sought.

The appeal from the order denying reargument should be dismissed; the order is not appealable (*De Fabio v Nadler Rental Serv.*, 27 A D 2d 931).

BASTOW, P. J., GOLDMAN, MARSH and WITMER, JJ., concur.

Order (denominated " order and judgment ") unanimously reversed without costs and motion denied. Order denying reargument unanimously dismissed with costs as not appealable.