■ AEROJET-GENERAL CORPORATION et al., Appellants, v. NON-FERROUS METAL REFINING, LTD., Respondent.— Judgment, Supreme Court, New York County, entered on March 10, 1971, denying a stay of arbitration, unanimously affirmed. Respondent shall recover of appellants $30 costs and disbursements of this appeal. Petitioner (an Ohio corporation) and respondent (an Israeli corporation) entered into three agreements, each containing the same arbitration clause: " Any dispute between the parties arising hereunder shall be subject to arbitration, in accordance with the Rules of the American Arbitration Association ". The first termed a License Agreement, is dated March 10, 1969. The other two, the Plant and Ordinance Agreements, are dated February 16, 1970. On September 16, 1970 petitioner cabled respondent: " After returning from Israel and reviewing our findings and our discussions with members of the Government and because of your continued failure to remit the payment due we have concluded that we cannot proceed further with your company as proposed in the letters of February 1970 exchanged between our companies. Therefore you are hereby advised that we will not proceed further with these efforts and we consider the contemplated arrangement between our companies terminated." On November 27, 1970 respondent demanded arbitration pursuant to the agreements. Aerojet thereupon applied for a stay of arbitration contending that respondent had fraudulently induced Aerojet to enter into the three agreements by respondent's misrepresentations. The subject of the three contracts involves commerce as defined by the United States Arbitration Act (U. S. Code, tit. 9,

§ 1 *et seq.*). The parties agree that the Federal act applies. Consequently, State rules allocating functions between court and arbitration do not control and in actions involving arbitration provisions in interstate transactions the Federal act overrides inconsistent provisions of arbitration acts of the several States, regardless of the forum in which they are brought. (See *Matter of Rederi [Dow Chem. Co.]*, 25 N Y 2d 576; *Prima Paint* v. *Flood & Conklin*, 388 U. S. 395.) We hold that, applying the Federal act and under the broad arbitration clause here involved, the issue of fraudulent inducement is for the arbitrators. Only if the claim is fraud in the inducement of the arbitration clause itself — an issue which goes to the "making" of the agreement to arbitrate — may the court resolve it. (See *Prima Paint* v. *Flood & Conklin, supra.*) Concur — Stevens, P. J., McGivern, Nunez, Murphy and Steuer, JJ.