**In the Matter of the Arbitration between NETWORK CINEMA CORPORATION, Petitioner,**

v.

**Larry E. GLASSBURN, Respondent.**

**No. 73 Civ. 509.**

United States District Court,
S. D. New York.
March 21, 1973.

Weiss, Rosenthal, Heller & Schwartzman, New York City, for petitioner; Howard L. Mann and Michael R. Sonberg, New York City, of counsel.

Clark, Mize, Linville & Miller, Salina, Kan., for respondent; Aubrey G. Linville, Salina, Kan., of counsel.

## MEMORANDUM DECISION

ROBERT L. CARTER, District Judge.

The petitioner seeks orders compelling arbitration of disputes arising in connection with a franchising agreement and staying a Kansas State Court proceeding in which respondent seeks to litigate the same and other disputes. The agreement provides that:

"Any controversy, dispute or question arising out of, in connection with, or in relation to this agreement or its interpretation, performance or non performance of any breach thereof shall be determined by arbitration conducted in New York City in accordance with the then existing rules of the American Arbitration Association. . . ." (Exhibit A of the Petition.)

The Federal Arbitration Act provides, at § 2, that:

"A written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." (9 U.S.C. § 2)

 Petitioner is a Delaware corporation and its principal place of business is in New York. It is engaged in "franchising motion picture theatres and distributing films and supplying equipment to motion picture theatres, in the United

States, Canada and Europe" (Petition, ¶ 2). Respondent is a citizen and resident of Missouri (Answer to Petition, ¶ 1). Petitioner's agreement to franchise and supply respondent's theatre in Kansas clearly involved "commerce among the several States" (9 U.S.C. § 1) and thus falls within the provisions of the federal arbitration act.

The Supreme Court held in Prima Paint Corp. v. Flood & Conklin Mfg. Co., 388 U.S. 395, 87 S.Ct. 1801, 18 L.Ed.2d 1270, that

". . . it is clear beyond dispute that the federal arbitration statute is based upon and confined to the incontestable federal foundations of 'control over interstate commerce. . .'." (at p. 405, 87 S.Ct. at p. 1806)

and that

"Federal courts are bound to apply rules enacted by Congress with respect to matters—here, a contract involving commerce—over which it has legislative power." (at p. 406, 87 S.Ct. at p. 1807)

Congress has provided in § 4 of Title 9 U.S.C. that

"A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under Title 28, in a civil action . . . of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement * * The court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement."

There is no question here as to the making of the agreement or the failure to comply therewith. It is equally clear

that this court would have diversity jurisdiction over the controversy which petitioner seeks to arbitrate.

Some state courts have held that since 9 U.S.C. § 2 creates a federal right to the enforcement of arbitration clauses in agreements involving interstate commerce, such agreements should be enforced in state courts pursuant to the federal arbitration statute. Thus, the highest court of this state has held that

"[a]lthough the Supreme Court was not called upon [in the Prima Paint case] to determine whether the F. A. A. had to be applied in the state courts as well as in the Federal courts, we lean to the view that what was said applies equally to suits involving maritime transactions regardless of the forum in which they are brought." In re A/S J. Ludwig Mowinckels Rederi and Dow Chemical, 25 N.Y.2d 576, 307 N.Y.S.2d 660 at 665, 255 N.E. 2d 774 at 778 (1970, Fuld, C. J.).

(See also Aerojet-General Corporation and M & H v. Non-Ferrous Metal Refining, 37 A.D.2d 531, 322 N.Y.S.2d 33 (First Dept. 1971) which held similarly in a case involving a transaction in interstate commerce.)

And the Court of Appeals for this Circuit has held that

". . . even though [a] case was originally brought in New York courts and became a removed case in the United States District Court for the Southern District of New York, the Federal Arbitration Act should here apply [with respect to a contract involving commerce]." Boston and Maine Corporation v. Chicago, Burlington and Quincy R. R. Co., 381 F. 2d 365, at 366 (1967).

■ However, the Kansas court before which respondent's claim is pending held on October 18, 1972, in response to a motion to dismiss that

"the said arbitration clause is not enforceable in Kansas and plaintiff is

not required to arbitrate this dispute in New York City" (Exhibit 1 of respondent's Answer, p. 3).

Although the federal arbitration statutes do not explicitly grant to United States District Courts the authority to stay state court proceedings, this court has held that a stay of state court proceedings is authorized by 28 U.S.C. § 2283 when the dispute in question has been found by the federal court to be subject to the arbitration provisions of 9 U.S.C. § 2. Necchi Sewing Machine Sales Corp. v. Carl, 260 F.Supp. 665 (S.D. N.Y.1966). As the *Necchi* court noted, once it has been held that the dispute should be referred to arbitration,

> "[a]ny further proceedings in [a state court] to enforce the claims to be arbitrated would be inconsistent with the decision and the decree of this court. Consequently, in order to 'protect' and 'effectuate' that decree [respondent] will be stayed from pursuing its action in [the state court] until the completion of the arbitration proceedings." 260 F.Supp. 665, at 669.

The petition was served in accordance with an order of this court and such service is sufficient. Victory Transport, Inc. v. Comisaria General, 336 F.2d 354 (2d Cir. 1964). See also F.R.Civ.P. Rule 4 (d)(7) and § 308(5) of the New York Civil Practice Law and Rules.

Accordingly, the petition is granted; the action titled Larry E. Glassburn, Plaintiff v. Network Cinema Corporation, d/b/a Jerry Lewis Cinema; Movie Showcase, Inc. and Jack A. Burns, Defendants pending in the District Court of Saline County, Kansas (Case No. 30306) is stayed as to defendant Network Cinema Corporation pending arbitration of the dispute between petitioner and respondent, and respondent is enjoined from proceeding against petitioner in the above-mentioned Kansas action until such time as the arbitration has been completed.

Settle order on notice.