In the Matter of Arbitration between
**BURGER CHEF SYSTEMS, INC.,**
Petitioner,

v.

**BALDWIN INCORPORATED et al.,**
Respondents.

No. 73 Civ. 4636 (MP).

United States District Court,
S. D. New York.

Nov. 7, 1973.

Jay E. Eckhaus, Tarrytown, N. Y., for petitioner.

Walker, Troester, Picard & MacNeil, Saginaw, Mich., for respondents; John A. Picard, Saginaw, Mich., of counsel.

## FINDINGS AND OPINION

POLLACK, District Judge.

This is an action under the federal Arbitration Act to compel arbitration and to stay a lawsuit seeking to frustrate arbitration.

The petitioner, Burger Chef Systems, Inc. commenced arbitration proceedings against the respondents before the American Arbitration Association ("AAA"). The respondents, by their attorneys, filed an appearance with the Association and entered several objections to the Demand for Arbitration. They followed this up within a few days with a lawsuit in the Circuit Court for the County of Saginaw, State of Michigan, seeking an order therein which would restrain the present petitioner and the AAA from proceeding with arbitration pending a declaration of the rights of the parties under agreements which either contained or were subject to an arbitration clause.

The Michigan suit was removed by the present petitioner to the federal court in that area and on objections to such removal, the federal court ruled that the controversy was not removable and announced that a remand pursuant to Title 28, U.S.C. § 1447 would be granted. An order thereon has been submitted for signature.

In the present suit, the petitioner seeks an order compelling the respondents to continue with the arbitration that was commenced before the American Arbitration Association and seeks to enjoin the respondents from proceeding with the Michigan declaratory judgment suit until such time as arbitration is completed before the AAA and an award, if any, is entered thereon. For the reasons shown hereafter the petitioner is entitled to the relief sought herein. The facts are as follows.

Petitioner is an Indiana corporation with its principal place of business in Tarrytown, Westchester County, State of New York, and licenses the use of its trademarks to individuals for the operation of Burger Chef Restaurants.

On or about October 22, 1971, the corporate respondent, Baldwin Incorporated, entered into a certain Franchise and Lease Agreement by which respondents licensed from petitioner its trademarks and the right to operate a Burger Chef

Restaurant at 2945 Bay Road, Saginaw, Michigan. The respondents have in fact operated this restaurant since prior to October 22, 1971; their liabilities under the Franchise and Lease Agreement continue to the present date. Paragraph 33 of the Agreement contains an arbitration clause which reads:

Any controversy or claim arising out of or relating to this Franchise and Lease Agreement or the breach thereof . . . shall be settled by Arbitration *in accordance with the rules of the American Arbitration Association.* . . . (Emphasis supplied).

Contemporaneously with the execution of this Franchise and Lease Agreement by the corporate respondent, the individual respondents executed a "Guarantee of Franchise and Lease" in which they jointly and severally guaranteed the performance of the Franchise and Lease Agreement; it also contained the following language:

Any provisions of the Franchise and Lease Agreement on Arbitration shall apply jointly and severally to Guarantors . . . .

Asserting that the respondents were in arrears under their agreements with petitioner in the sum of $21,365.16, the petitioner on or about May 3, 1973 served on respondents and filed with the New York Regional Office of the AAA a "Demand for Arbitration" requesting that arbitration be held in New York in accordance with the Rules of the American Arbitration Association.

On or about May 18, 1973 the respondents appeared by counsel in the New York Regional Office of the AAA, and filed a document entitled "APPEARANCE AND OBJECTIONS TO DEMAND FOR ARBITRATION". The objections of respondents filed with the AAA recite that the locale for arbitration is unreasonable and should rather be in the City of Saginaw, Michigan; that the arbitration request is untimely; that the individual respondents are not parties to the arbitration agreement; that the Franchise and Lease Agreement

was void *ab initio* and consequently that the arbitration requirement contained therein is ineffective and not binding; and that the lease agreement has been breached by the party requesting arbitration, thereby extinguishing the arbitration requirement of the contract.

Within three days after this *Appearance* before the AAA, the respondents commenced the litigation in the Michigan Court, referred to above, seeking a stay of the arbitration before the AAA and a declaratory judgment in respect of the contracts between the parties. An *ex-parte* restraining order was obtained from the Michigan Court purporting to enjoin the AAA and the petitioner from proceeding with arbitration; that order allegedly remains in effect. Thereafter the Michigan suit was removed to federal court and subsequently remanded to the State Court.

On or about October 2, 1973 the respondents filed in the Office of the Clerk of the County of New York an authorization for their attorney, John A. Picard, to appear in their behalf in all suits that might be brought against them in the Courts of the State of New York. Apparently the same individuals who are respondents herein have another franchise from this petitioner running to a different corporate entity and arbitration of their difficulties has been commenced in New York; the deputization of counsel seems to have been connected with New York Supreme Court proceedings commenced in relation thereto. On October 9, 1973 the individual respondents executed a document revoking the authority and power of John A. Picard to appear in their behalf in all suits that might be brought against them in the Courts of the State of New York and authorizing said appearance only on those specifically spelled out by the said respondents and where an Appearance had been filed in their behalf and further averring that such authority to appear should exist only at the time and for that particular case and only to defend upon the grounds related to such Appearance.

On October 30, 1973 this action was commenced. At the instance of the petitioner this Court issued an order directed to the respondents returnable on November 5, 1973 to show cause why an order pursuant to 9 U.S.C.A. § 1 et seq. and 28 Fed.R.Civ.P. 65 should not be made requiring the respondents to continue with the arbitration previously commenced and enjoining them from proceeding in the Michigan suit upon the remand thereof to the state court. The order directed that personal service of the papers be made upon John A. Picard, the attorney for and agent of the respondents, on or before October 31, 1973 and that this would be sufficient service and notice of the application. On the return day of that motion the petitioner appeared by counsel and the respondents submitted the following papers in opposition to the motion: (i) an authorization for John A. Picard to appear in their behalf in this matter; (ii) a motion to dismiss this action under Rule 12, Fed.R.Civ.P., on the grounds that the Court lacks jurisdiction over the subject matter of this cause and/or the person of the respondents and that this Court is the improper venue and that the action should be transferred to be heard before the United States District Court, Eastern District of Michigan, Northern Division; (iii) a notice of hearing of said motions returnable on the same date and time as the order to show cause; (iv) objections to the petition as well as supplemental objections thereto; and (v) exhibits annexed to the papers.

*Jurisdiction over Subject Matter*

 Petitioner is an Indiana corporation having its principal place of business in Westchester County, State of New York. The respondents, and each of them, reside in Saginaw County, State of Michigan. The amount in controversy according to the petition is $21,365.16; this is the amount that the petitioner is seeking in arbitration. Accordingly, diversity and the requisite amount in controversy exist herein. 28

U.S.C.A. § 1332(a). *See* Marcy Lee Mfg. Co. v. Cortley Fabrics Co., 354 F. 2d 42 (2d Cir. 1965).

*Jurisdiction over Person*

The parties agreed to arbitration pursuant to the Rules of the American Arbitration Association. Section 39(d) of those rules provides as follows:

Each party to an agreement which provides for arbitration under these Rules shall be deemed to have consented that any papers, notices or process necessary or proper for the initiation or continuation of an arbitration under these Rules and for any court action in connection therewith or the entry of judgment on any award made thereunder may be served upon such party by mail addressed to such party or his attorney at his last known address or by personal service, within or without the state wherein the arbitration is to be held (whether such party be within or without the United States of America), provided that reasonable opportunity to be heard with regard thereto has been granted such party.

 The federal Arbitration Act, § 4, declares that "any United States district court which . . . would have jurisdiction under Title 28" may entertain such a petition. In addition to the methods for obtaining personal jurisdiction provided by the federal rules and by state statutes, the Courts have repeatedly held that a party may by agreement consent to the jurisdiction of a Court which would not otherwise have authority over him. Thus, for example, New York residents who executed a contract under which differences were to be "arbitrated at London pursuant to the Arbitration Law of Great Britain" were held to have made an "implied submission to the terms of the act itself, and to any rules or procedural machinery adopted by competent authority in aid of its provisions." Gilbert v. Burnstine, 255 N.Y. 348, 358, 174 N.E. 706, 709 (1931). It is clear that the respondents herein authorized and designated their

attorney, John A. Picard, who represented them in their appearance before the AAA, to be their agent upon whom service of process might be made for the commencement of a special proceeding to enforce and protect the arbitration sought by the petitioner. Bauer v. Motor Vehicle Accident Indemnification Corp., 31 A.D.2d 239, 296 N.Y.S.2d 675 (4th Dep't 1969). Under the Federal Rules of Civil Procedure a manner of service of process in an arbitration proceeding, if suitable and authorized by the State of New York, will confer personal jurisdiction over the respondents on the United States District Court. Rule 4(d)(7), Fed.R.Civ.P.; Farr & Co. v. CIA. Intercontinental De Navegacion De Cuba, S. A., 243 F.2d 342 (2d Cir. 1957). Accordingly, this Court has personal jurisdiction over respondents. Network Cinema Corp. v. Glassburn, 357 F.Supp. 169 (S.D.N.Y.1973).

■ The federal Arbitration Act provides that all proceedings on a petition to compel arbitration "shall be within the district in which the petition . . . is filed". 9 U.S.C.A. § 4. This sufficiently establishes the Southern District of New York as the proper venue. The Rules of the American Arbitration Association deal with the subject of the proper locale for the conduct of an arbitration. Section 10 provides:

> The parties may mutually agree on the locale where the arbitration is to be held. If the locale is not designated within seven days from the filing of the Demand or Submission the AAA shall have the power to determine the locale. Its decision shall be final and binding. If any party requests that the hearing be held in a specific locale and the other party files no objection thereto within seven days after notice of the request, the locale shall be the one requested.

It may be noted that one of the regional offices of the AAA is located in Detroit, Michigan. However, the petitioner disputes the reasonableness of Michigan as the proper or most convenient locale.

This is a matter which the Court need not enter upon since it is determinable by AAA under its Rules. *Cf.* Burger Chef Systems, Inc. v. Sanbal Corp., (N. Y.Sup.Ct. Oct. 25, 1973) (Index No. 16979/73) (Markowitz, J.), in N.Y.L.J., Oct. 29, 1973, at 2, col. 3.

*Relief*

■ Where a plaintiff responds to a demand for arbitration and raises objections thereto and thereafter commences a declaratory judgment action, it has been held that the pending action should be stayed until the controversy has been submitted to arbitration. Sterling Foundations Inc. v. Merritt-Chapman & Scott Corp., 134 F.Supp. 327 (E.D.N.Y. 1955). Any other procedure would render arbitration agreements nugatory. The complaint in the Michigan declaratory judgment action shows that the allegations put forth are within the scope of the arbitration clause agreed upon by the parties which provides that "any controversy or claim" will be settled by arbitration and accordingly must be determined by the arbitrator. River Brand Rice Mills, Inc. v. Latrobe Brewing Co., 305 N.Y. 36, 110 N.E.2d 545 (1953); *cf.* Operating Engineers, Local 150 v. Flair Builders, Inc., 406 U.S. 487, 92 S.Ct. 1710, 32 L.Ed.2d 248 (1972). In the circumstances of this case this Court has the power to stay the Michigan State Court action and should exercise such power. 28 U.S.C.A. § 2283 provides:

> A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, *or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.* (Emphasis added).

When, as here, the dispute in question has been found to be subject to arbitration by a federal court, it becomes appropriate to stay state court proceedings. Necchi Sewing Machine Sales Corp. v. Carl, 260 F.Supp. 665 (S.D.N. Y.1966); Network Cinema Corp. v.

Glassburn, 357 F.Supp. 169 (S.D.N.Y. 1973).

The motions of the petitioner are granted and the motions of the respondents are denied. An order may be submitted on notice directing that respondents continue with the arbitration that was commenced and enjoining the respondents from any further proceedings on remand of the Michigan suit until completion of the arbitration and entry of judgment on the Award.

The foregoing shall constitute the findings and conclusions required by Rule 52(a) Fed.R.Civ.P.

So ordered.