**CARPENTERS DISTRICT COUNCIL OF MILWAUKEE & VICINITY,**
Plaintiff,

v.

**J. F. COOK CO., INC., Defendant.**

Civ. A. No. 71–C–222.

United States District Court,
E. D. Wisconsin.

Nov. 16, 1973.

Alan M. Levy and Thomas J. Kennedy, Milwaukee, Wis., for plaintiff.

Arthur L. Ebert, Jr., Milwaukee, Wis., for defendant.

REYNOLDS, Chief Judge.

This action began with a complaint filed before the Wisconsin Employment Relations Commission by the plaintiff union, Carpenters District Council of Milwaukee & Vicinity (hereinafter "Union"). The union charged that the defendant employer, J. F. Cook Co., Inc. (hereinafter "Employer"), had failed to pay overtime wage rates called for in a collective bargaining agreement. The Union asserted that the Employer had refused to participate in a grievance arbitration of the matter sought on behalf of Joseph G. Higgins, Sr., and Gary Kraft. The Employer has maintained that the collective bargaining agreement does not require that the matter be submitted to arbitration.

The action was removed to this court upon the petition of the Employer. Jurisdiction is based upon § 301 of the Labor Management Relations Act, 29 U.S. C. § 185. Following a pretrial conference, this court ordered a severance of issues so that the question of arbitrability of the grievance might be considered apart from all other matters.

The Union has moved for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. The question now before this court is whether the grievance of Joseph Higgins, Sr., and Gary Kraft is a proper subject for arbitration under the collective bargaining agreement between the parties.

The parties have agreed to a statement of uncontroverted facts which establishes that there is no issue with respect to any fact material to the question of arbitrability. The material facts are as follows: The Union and the Employer were parties to collective bargaining agreements throughout the relevant period. The 1968–1970 agreement is representative of the agreements in effect throughout the period. Article XVI of that contract provides for arbitration "in case of any disagreements between said parties over terms of this Agreement." Article III, Section 3(a), of that agreement provides that "[a]ll

work performed between 12:00 midnight Friday and 12:00 midnight Sunday, and any time worked outside of the designated shift, shall be paid for at double time." Both Higgins and Kraft maintained that they had been paid only time and one-half for overtime work performed in the defendant's employ during the years 1967 through 1970. Pursuant to Article XVI of the agreement, the Union requested arbitration on behalf of the pair. The Employer refused to arbitrate on the ground that no disagreement existed over the terms of the contract but just over the issue of overtime pay. This is unsound.

Arbitration has been clearly recognized as a most critical element in the scheme of national labor law and policy. In the steelworkers trilogy,* the Supreme Court said:

> " * * * [T]he grievance machinery under a collective bargaining agreement is at the very heart of the system of industrial self-government. Arbitration is the means of solving the unforeseeable by molding a system of private law for all the problems which may arise and to provide for their solution in a way which will generally accord with the variant needs and desires of the parties. The processing of disputes through the grievance machinery is actually a vehicle by which meaning and content are given to the collective bargaining agreement." United Steelworkers of America v. Warrior & Gulf Navigation Co., 363 U.S. 574, 581, 80 S.Ct. 1347, 1352, 4 L.Ed.2d 1409 (1960).

■ There exists a strong legal presumption that a dispute relating to the employment relationship should be resolved within that framework whenever the arbitration mechanism is available.

> " * * * An order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage." United Steelworkers of America v. Warrior & Gulf Navigation Co., supra, at 582–583, 80 S.Ct. at 1353.

Lower federal courts have consistently recognized both the strength of the presumption and the propriety of the summary judgment when the issue is one of compelling arbitration. Local 1401, Retail Clerks International Ass'n, AFL–CIO v. Woodman's Food Market, Inc., 371 F.2d 199 (7th Cir. 1966); General Teamsters, Chauffeurs & Helpers Union, Local No. 782 v. Blue Cab Company, Inc., 353 F.2d 687 (7th Cir. 1965); Local 12934 of International Union, Dist. 50, United Mine Workers of America v. Dow Corning Corporation, 459 F.2d 221 (6th Cir. 1972).

■ The question of law is whether this court can say with assurance that the overtime payrate grievance does *not* come within the scope of the arbitration provision. The answer to that question is "no." The contract does not preclude a reading that the grievance is one which is subject to arbitration. The grievance must be submitted to arbitration in accordance with Article XVI of the collective bargaining agreement.

* United Steelworkers of America v. American Mfg. Co., 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960); United Steelworkers of America v. Warrior & Gulf Navigation Co., 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960); United Steelworkers of America v. Enterprise Wheel & Car Corp., 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960).